(No. 1237— ▮▮▮▮▮▮▮ )

LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1929.*
*Rehearing denied April 25, 1929.*

CHARLES P. HAMILL, for claimant,

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a claim brought to recover additional franchise fees and additional initial fees for certain increases in the authorized capital stock of claimant.

It appears to the court that this case is similar in principle to a case heretofore decided by this court and known as the *Moline Plow Co.* v. *State of Illinois,* reported in volume 5, Illinois Court of Claims, at pages 277 and 278. In said case this court held that where claimant had a remedy in courts of general jurisdiction and fail to follow such remedy, that this court would not take jurisdiction.

It is contended by claimant in reply brief that where a payment is made under "circumstances of uncertainty as to what the law will finally be held to be, it would seem that equity and good conscience would entitle the tax payer to a refund after the law under which the assessment had been made and the tax paid has subsequently been held unconstitutional." It is the opinion of this court that a rule of this kind would impose a hardship on the taxpayers of the State of Illinois. It would as a matter of fact impose a continuing obligation and doubt, wherein if the claimant was a private corporation or an individual, the fact that the claimant did not follow his legal remedy and afterwards a

favorable construction was given by a court of general jurisdiction, the private corporation or individual would not be called upon to respond. It would therefore appear to the court that the Legislature in creating this court did not intend to impose a burden upon the people of the State of Illinois, greater than that assumed by a private corporation or individual. It must be admitted that the questions involved in these cases are sometimes complicated and vague. Yet it must be assumed that claimant corporations were properly and ably represented, fully capable of advising as to all legal remedies. Laws are continually changing. Courts at times change precedent as a matter of public policy or otherwise for the best interests of litigants or to meet the advancements and developments in business or public affairs. At any rate it is the opinion of the court that the Secretary of State should have equal opportunity in the review of his acts or judgment as if he were a private individual or if he acted for a private corporation. It is further the opinion of the court that it must be admitted that the Secretary of State in his endeavor to faithfully and efficiently perform the duties of that office, that he would naturally and properly perform his duties in behalf of his employers the defendant the State of Illinois. If a claimant was dissatisfied in the payment of taxes or fees to the Secretary of State or exacted by the Secretary of State, would it be unfair to ask the claimant to summon the Secretary of State into a court of general jurisdiction and there have the question determined as was intended by the Constitution of the State and the Acts of the Legislature.

For the reasons above assigned, this court recommends that the claim be disallowed.

On April 25, 1929, upon petition for rehearing the following additional opinion was filed:

This matter coming on to be heard upon petition for rehearing and the court being fully advised in the premises finds that there is no cause shown for a rehearing.

Therefore, the petition for a rehearing is denied.